**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

v. **Case No.: 8:26-cr-00211-RAL-LSG**

**ABEL GASPAR-CHINO /**

# DEFENDANT'S SENTENCING MEMORANDUM

Mr. Abel Gaspar-Chino respectfully requests five years of probation following his guilty plea to illegal reentry under 8 U.S.C. § 1326(a). He has already spent more than four months in federal custody. A five-year probationary sentence would recognize that confinement and preserve a substantial additional consequence if he returns unlawfully. It is sufficient to punish this offense and address the Court's concern about another return.

Mr. Gaspar-Chino's working life has included years of providing for his family and serious mistakes. He now proposes to return to his father's home in Guerrero. Five years of probation would support that future with a continuing obligation to obey the law.

## I. ARGUMENT

### *A. A life measured in work*

When his family needed Mr. Gaspar-Chino, he went to work. As a boy in Guerrero, he helped his father harvest the crops that fed their household.

PSR ¶¶ 44, 46. Continuing school beyond sixth grade meant greater expense and a longer journey, while there was work to be done at home. PSR ¶ 58. He left school to help in the fields. Taking responsibility for his family began with that decision, long before he had children of his own.

As an adult, he kept working with his hands. He harvested tomatoes and watermelons in Florida and later earned his living painting. PSR ¶¶ 61-62. That work allowed him to provide for his wife and children. It also helped him remain a son his mother could count on: before her death in 2021, he sent her $300 each month. PSR ¶ 48. Those earnings became food, housing, and support for the people who depended on him.

Now his oldest son, Emmanuel, has taken up the same trade and is supporting the household during his father's detention. PSR ¶ 51. Mr. Gaspar-Chino's work has helped sustain his family across generations. His shortcomings belong in this account, but so do the years in which he answered his family's needs through his labor. That capacity to work and provide remains part of what he can bring to a life in Mexico.

***B. Alcohol is the challenge he must overcome***

Alcohol has been a serious weakness in that working life. Mr. Gaspar-Chino has been able to provide for others while making choices that caused harm and placed that role at risk. His 2022 DUI is a concrete consequence.

PSR ¶ 33. The same man who worked to support his family needed to confront how his drinking could undermine what he had worked for. PSR ¶ 56.

He has begun by acknowledging the problem. During the presentence interview, he admitted that he sometimes drank to intoxication, recognized that alcohol had caused problems, and reported that he had tried to stop drinking. *Id*. Being able to say that alcohol has become a problem is a necessary first step. His efforts to stop are a beginning, and the challenge ahead is to make that change last. Returning to work and remaining dependable to his family will require him to keep confronting that weakness.

He has also accepted responsibility for the unlawful return that brings him before this Court. He entered a timely guilty plea without a written plea agreement, and the PSR recommends the acceptance reduction. PSR ¶¶ 3, 17, 27. His request for probation recognizes that he has more work to do on himself. It would allow him to undertake that work in Mexico, with an obligation to obey this Court's conditions for the next five years.

***C. A future in Mexico***

The future he proposes begins at his father's home in Guerrero. His father spent his working years helping sustain the family through agriculture and is now retired. PSR ¶ 49. Mr. Gaspar-Chino's mother died in 2021. PSR ¶ 48. Returning would allow him to be present again in his father's daily life and contribute to the household of the parent who helped raise him. They remain close, and Mr. Gaspar-Chino intends to live with his father after release. PSR ¶ 49.

His children will still need him, even while they remain in Florida. The next part of his life can carry forward what was worthwhile in the life he built here: earning a living and using that work to help his family. Emmanuel's assumption of the household's financial responsibilities shows how much the family has depended on those earnings. PSR ¶ 51. Mr. Gaspar-Chino can return to productive work in Mexico and continue contributing to his children's support from there.

He has modest property in Guerrero and a home to return to with his father. PSR ¶¶ 49, 64. His years of work and the support he has provided are a foundation for this next stage. At home in Mexico, he can support his father through his presence and his children through his productivity. Five

years of probation would reinforce that future with a continuing obligation to remain within the law.

## II. PUNISHMENT AND DETERRENCE

Section 3553(a) requires consideration of punishment, deterrence, and Mr. Gaspar-Chino's individual circumstances. Those considerations may support probation even when the advisory Guidelines recommend imprisonment. *Gall v. United States*, 552 U.S. 38, 49–50, 59–60 (2007).

Mr. Gaspar-Chino has been detained since May 7, 2026, and in federal custody since June 11, 2026. His state case ended with a sentence of time served. PSR at 1; ¶¶ 13, 33. The Court should consider the actual confinement he has endured when deciding whether further imprisonment is necessary under § 3553(a).

A five-year probationary sentence would provide the longest supervision term available for this offense. Probation may last one to five years; supervised release following imprisonment would be limited to one year. 18 U.S.C. §§ 3561(c)(1), 3583(b)(3). That difference directly addresses the risk of another unlawful return. If he returns unlawfully during probation, he could face a new prosecution under § 1326 and revocation and resentencing in this case. 18 U.S.C. § 3565(a).

His prior returns warrant that additional deterrent. Five years of probation would preserve the Court's authority beyond the period available through supervised release and reinforce his plan for Mexico. His confinement supplies meaningful punishment; probation would extend accountability into the years in which he must put that plan into practice.

## III. SENTENCING GUIDELINE CALCULATION

Mr. Gaspar-Chino has already endured a period of confinement within his advisory imprisonment range. The PSR calculates a base offense level of 8, reduced by two levels for acceptance of responsibility, for a total offense level of 6. At Category II, the range is 1 to 7 months. PSR ¶¶ 19-28, 34-36, 67. He has been in federal custody since June 11, 2026, and will have spent approximately four and one-half months in that custody by sentencing. That period falls within the PSR's range, without counting the earlier time in state custody.

He preserves his objection to the Michigan point in paragraph 32 and requires the government to establish it through reliable evidence. See *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009). Removing that point yields Category I and 0 to 6 months, which also encompasses his federal confinement. PSR Addendum at 2. The requested disposition remains five years of probation.

## IV. CONCLUSION

Mr. Gaspar-Chino requests five years of probation, with no additional imprisonment. He asks for conditions prohibiting unlawful reentry and accommodating expected removal, including reporting requirements that can be followed from Mexico and prompt reporting if he lawfully returns. The sentence would recognize his work and the punishment already experienced while holding him accountable for his choices over the next five years.

DATED this 27th day of October 2026.

Respectfully submitted,

CHARLES L. PRITCHARD JR.
FEDERAL PUBLIC DEFENDER

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of October 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to:

Whitney Mackay, AUSA

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Defender